UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED

APR 2 3 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                              INDICTMENT NO. 6: 26- CR-59- REW

WAYNE L. BUZARD and
CATHY L. MCKINNEY

\*   \*   \*   \*   \*

THE GRAND JURY CHARGES:

## COUNT 1
### 21 U.S.C. § 846

On or about a date in August 2025, the exact date unknown, and continuing through on or about March 8, 2026, in Pike County, in the Eastern District of Kentucky,

WAYNE L. BUZARD and
CATHY L. MCKINNEY

did conspire together and with others to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about March 3, 2026, in Pike County, in the Eastern District of Kentucky,

CATHY L. MCKINNEY

did knowingly and intentionally distribute a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
### 21 U.S.C. § 841(a)(1)

On or about March 5, 2026, in Pike County, in the Eastern District of Kentucky,

### CATHY L. MCKINNEY

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4
### 21 U.S.C. § 841(a)(1)

On or about March 7, 2026, in Pike County, in the Eastern District of Kentucky,

### CATHY L. MCKINNEY

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about March 8, 2026, in Pike County, in the Eastern District of Kentucky,

### CATHY L. MCKINNEY

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6

**21 U.S.C. § 841(a)(1)**

On or about March 8, 2026, in Pike County, in the Eastern District of Kentucky,

**WAYNE L. BUZARD**

did knowingly and intentionally possess with the intent to distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, all in violation of 21 U.S.C. § 841(a)(1).

<u>COUNT 7</u>
**18 U.S.C. § 924(c)(1)(A)**

On or about March 8, 2026, in Pike County, in the Eastern District of Kentucky,

**WAYNE L. BUZARD**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 6, that is, possession

with the intent to distribute a mixture or substance containing a detectable amount of

methamphetamine, in violation of 18 U.S.C. § 924(c)(1)(A).

<u>FORFEITURE ALLEGATIONS</u>
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1.    By virtue of the commission of the felony offense alleged in Count 1-6 of the

Indictment, **WAYNE L. BUZARD and CATHY L. MCKINNEY** shall forfeit to the

United States any and all property used, or intending to be used, to commit and to facilitate

the commission of the violations of 21 U.S.C. §§ 841 and 846 and any and all property

constituting proceeds obtained directly or indirectly as a result of the commission of the

violations of 21 U.S.C. §§ 841 and 846. Any and all interest that **WAYNE L. BUZARD**

and **CATHY L. MCKINNEY** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.     By virtue of the commission of the offenses alleged in Count 7 of the Indictment, **WAYNE L. BUZARD** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that **WAYNE L. BUZARD** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.     The property to be forfeited includes, but is not limited to, the following which was seized from **WAYNE L. BUZARD** on or about March 8, 2026:

### CURRENCY:

a.  $5,134 in United States Currency

### FIREARMS:

a.  Smith & Wesson, SW40VE .40 caliber pistol with serial number DTT9014;
b.  Mossberg International, .22 Long Rifle with serial number ELC3353891
c.  Winchester, .22 rifle with no apparent serial number; and
d.  All associated ammunition and accessories.

4.     If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

ANDREW H. TRIMBLE
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

### COUNT 1:

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If Prior Serious Drug Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 2-6:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

### COUNT 7:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:**    Mandatory special assessment of $100 per count.

**PLUS:**    Forfeiture of listed items.